IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN H. McCOMB, JR.,

                    Plaintiff,

         v.                                                    OPINION and ORDER

NATIONAL UNION FIRE INSURANCE                                  19-cv-553-jdp
COMPANY OF PITTSBURGH, PA,

                    Defendant.

John H. McComb, Jr. had an accidental death and dismemberment insurance policy from National Union Fire Insurance Company of Pittsburgh, PA. McComb's wife, Susan, was also covered under the policy. Susan had terminal metastatic cancer and was in hospice care when she fell and broke her hip. Her family chose to pursue only palliative care, and Susan died two days later from complications related to the hip fracture. McComb sought the death benefit from National Union.

National Union's claim administrator denied McComb benefits after determining that Susan's death was not covered under the terms of the insurance policy. After pursuing an unsuccessful administrative appeal, McComb filed suit in this court, claiming that the denial of benefits violated his rights under the Employee Retirement Income Security Act (ERISA).

The parties have filed cross-motions for summary judgment. Dkt. 15 and Dkt. 20. The facts are undisputed, and the matter turns on the interpretation of the policy. McComb is entitled to the death benefit only if Susan died of an injury that directly caused her death independent of sickness or disease. National Union has adduced evidence that, if not for her cancer, Susan likely would have survived the hip fracture, which means that Susan's death

wasn't independent of her cancer. McComb adduces no evidence to rebut that conclusion, so National Union is entitled to summary judgment.

UNDISPUTED FACTS

The material facts are undisputed.

John McComb had accident insurance through an employer-sponsored group plan with National Union, under which Susan was covered as an eligible spouse. This plan is governed by ERISA and administered by American International Group, Inc. (AIG).

Susan McComb was diagnosed with terminal metastatic cancer in August of 2017. Less than a month later, she was transferred to hospice care with a life expectancy of six months or less. On December 19, hospice staff noted that Susan seemed restless, confused, and lethargic. That evening, Susan fell while trying to get out of bed, breaking her right hip. Susan's family opted to pursue only palliative care rather than seeking treatment for the fracture. Susan died two days later. Her death certificate listed her manner of death as an "accident," and her cause of death as "complications following blunt force trauma of right lower extremity with femoral fracture." Dkt. 23-3. "Metastatic . . . lung cancer" was listed under "other significant conditions contributing to death but not resulting in the underlying cause." *Id.* McComb filed a claim for $25,000 in accidental death benefits under the National Union policy.

The National Union policy provided a death benefit if an "Injury to the Insured Person results in death within 365 days of the date of the accident that caused the Injury." Dkt. 23-1, at 7. The policy defined "injury" as "bodily injury: (1) which is sustained as a direct result of an accident that occurs while the injured person's coverage under this Policy is in force, and (2) which directly (independent of sickness, disease, mental incapacity, bodily infirmity) causes

2

a covered loss." *Id.* at 14. The policy also contains a separate exclusion for losses resulting from "sickness, disease, mental incapacity or bodily infirmity." *Id.*

AIG retained a forensic pathologist, Dr. Andrew M. Baker, to perform an independent peer review of Susan's records. In a written report, Baker indicated that he agreed with the contents of Susan's death certificate. He wrote:

> Ms. McComb had disseminated, terminal non-small cell lung cancer and fell (unwitnessed) while she was in hospice. Her overall health was failing rapidly prior to the fall. The records suggest that her mental status changes quite possibly played a role in leading to the fall. Given her incurable cancer, no further workup/treatment of the fracture (other than pain control) was pursued. In the absence of her disseminated cancer (or other life-threatening underlying disease), had Ms. McComb suffered the same hip fracture, the fracture would have almost certainly been treated surgically and the prognosis would have been very good.

Dkt. 22-1, at 2. In May of 2018, AIG denied McComb's claim, explaining that even though Susan "suffered an Injury, that injury was not independent of sickness, disease or bodily infirmity," and thus wasn't covered under the policy. Dkt. 23-7, at 2.

McComb filed an administrative appeal with National Union's ERISA Appeals Committee. That committee affirmed the denial of benefits, concluding that Susan "did not sustain an Injury as defined by the Policy because her injury was not sustained as a direct result of an accident which directly (independent of sickness, disease, mental incapacity, bodily infirmity) caused the loss." Dkt. 23-9, at 2. The committee also found that Susan's death fell within the policy's exclusion for loss resulting from sickness, disease, mental incapacity, or bodily infirmity "based upon her cancer reflected on the death certificate." *Id.* This lawsuit followed. The court has subject matter jurisdiction over McComb's claim under 28 U.S.C. § 1331 because it arises under federal law.

3

ANALYSIS

This case requires the court to review National Union's decision to deny McComb coverage under the insurance policy. Courts apply the arbitrary-and-capricious standard of review when evaluating discretionary decisions under ERISA, but de novo review is the default standard if the ERISA plan does not confer discretion to the plan administrator. *Herzberger v. Standard Ins. Co.*, 205 F.3d 327, 329–33 (7th Cir. 2000). Whether Susan's death was a covered loss under the National Union policy is not a matter of discretion, so the court reviews the coverage decision de novo.

The facts are undisputed, and the case turns on the policy language. On McComb's view, the analysis issue begins and ends with Susan's death certificate, which lists the manner of death as "accidental." But that is not enough to satisfy the conditions of the National Union policy.

On the death certificate, the immediate cause of death is listed as "complications following blunt force trauma of right lower extremity with femoral fracture." But the death certificate listed Susan's cancer as a condition "contributing to death but not resulting in the underlying cause." National Union adduces Dr. Baker's expert analysis that explains, but does not contradict, the findings on the death certificate. Susan's hip fracture was the immediate cause of her death, but her death wasn't "independent of sickness" because if not for her terminal cancer, Susan likely would have undergone surgery and recovered.

National Union did not deny coverage on the theory that Susan's cancer caused the fall, which would contradict the death certificate's statement that the cancer contributed to death, but did not result in the underlying cause, which was the fall and the fracture. That notion seems to be the main focus of McComb's opening brief, and the point of citing *Kellogg*

4

*v. Metro. Life Ins. Co.*, 549 F.3d 818 (10th Cir. 2008). In that case, the Tenth Circuit held that a decedent's death was caused by a car crash (and therefore covered under his accident insurance policy), even though the crash itself was caused by physical illness (the decedent's seizure). But that's not what National Union is contending here.

National Union relies on the plain language of the policy, under which a death benefit is paid only if two conditions are met. First, the death must be the result of an accidental injury. Second, the death must be "independent of sickness, disease, mental incapacity, bodily infirmity." *See* Dkt. 23-1, at 14 ("Injury – means bodily injury (1) . . . sustained as a result of an accident . . . (2) which directly (independent of sickness, disease, mental incapacity, bodily infirmity) causes a covered loss."). Here, the first condition is met: Susan dies as a result of an accidental injury. But the second is not: her death was not independent of her sickness.

Both the death certificate and the National Union's expert, Dr. Baker, agree. Both say that Susan's cancer contributed to her death. McComb argues that "[i]f cancer had played a part in causing [Susan's] death, cancer would have been listed" along with the hip fracture in the part of the death certificate that listed the "diseases, injuries, or complications that caused the death." Dkt. 27, at 6. But the death certificate states that cancer contributed to her death. McComb criticizes Baker's opinion regarding what might have happened if Susan did not have cancer as unreliable. He says that it is speculative, ambiguous, and includes no mention of the phrase "to a reasonable degree of medical certainty." Dkt. 29, at 7. But McComb has adduced no evidence to contradict Baker's opinion, which is consistent with the rest of the record. Susan was in hospice care in the end stage of her cancer when she broke her hip. Her fall did not cause her death independent of her terminal disease.

McComb contends that crediting Baker's opinion would undermine the purposes of ERISA by giving insurers an incentive "to start second guessing a deceased's health care decisions." Dkt. 27, at 6. The policy argument is beside the point, because the case turns on the plain language of the policy. McComb had an accidental death policy the paid benefits for accidental deaths, but excluded deaths that were caused in part by sickness or disease. The McComb family's painful decisions about how to treat Susan's fracture would not affect the outcome under the policy one way or the other.

## ORDER

IT IS ORDERED that:

1. Plaintiff John H. McComb, Jr's motion for summary judgment, Dkt. 15, is DENIED.

2. Defendant National Union Fire Insurance Company of Pittsburgh, PA's motion for summary judgment, Dkt. 20, is GRANTED.

3. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered July 7, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge